### ROBINSON v STATE

Ohio Appeals, 1st Dist, Hamilton Co

No 4343. Decided April 24, 1933

Benjamin Schwartz, Cincinnati, Harry M. Wasserman, Cincinnati, and Arthur F. Shott, Cincinnati, for plaintiff in error.

Louis J. Schneider, Prosecuting Attorney, Cincinnati, and Dudley M. Outcalt, Assistant Prosecuting Attorney, Cincinnati, for defendant in error.

### OPINION

By HAMILTON, PJ.

Two grounds of error are stated. First, the court erred in its charge to the jury; Second, the admission and rejection of evidence.

It is claimed that the conviction was had on the uncorroborated evidence of two accomplices and complaint is made that the charge does not properly caution the jury to the effect that evidence of an accomplice should be viewed with suspicion and cautiously received and scrutinized. The charge complained of is as follows:

"In this case, ladies and gentlemen of the jury, you should not convict the defendant upon the uncorroborated weight of the testimony unless after a careful consideration of such testimony you are satisfied beyond a reasonable doubt of its truth. However, you are not to assume from this part of the charge that you are to confine your deliberations to the testimony of the accomplices of the defendant, but if from all the

evidence in the case you are satisfied beyond a reasonable doubt that the defendant is guilty as charged you must so find. If, on the other hand, you find the state has failed to prove its case within the limitations and within the rules which the court has given you, you must find the defendant not guilty."

It is claimed that this charge is confusing, that it does not properly present the law concerning uncorroborated evidence of an accomplice.

The law of Ohio on this question is settled in the case of **State of Ohio v Reichert, 111 Oh St 698.**

In the Reichert case the Supreme Court restates the rule that conviction may be had on uncorroborated testimony of an accomplice; that it is well settled that the court is not bound to advise the jury that it is unsafe to convict on such testimony; that although it is permissible, and in some cases may be desirable to so advise the jury, the general rule is to leave such presumption to the jury; that it is in the discretion of the judge to follow the general rule, rather than the exception.

The charge complained of is not entirely clear, but it gives to the defendant more than the law requires of the judge in the exercise of its discretion. We find no prejudicial error in the charge.

Counsel complains that the court erred in giving the special charge requested by defendant on this same subject. As the trial court has the discretion to give or not to give such charge in a general charge, he would likewise have the right to refuse or give the special charge requested.

We have examined the testimony admitted and excluded upon which counsel for plaintiff in error predicates his claim, as pointed out in his brief, but find no prejudicial error in the admittance or rejection of evidence.

We find no prejudicial error in the record and judgment is affirmed.

ROSS and CUSHING, JJ, concur.